## BALTIMORE CITY COURT

Filed November 12, 1902.

STATE OF MARYLAND, USE OF
JOSEPH E. DAVIS AND AMELIA
F. DAVIS, HIS WIFE,
VS.
THE TOWNSEND, GRACE CO.

*Clarence C. Foreman* and *Arthur L. Jackson* for plaintiffs.

*Geo. R. Willis* and *Joseph C. France* for defendant.

SHARP, J. (Orally)—

The suit was instituted by the father and mother of a minor, to recover damages for the death of the child, for which it is alleged, the defendants are liable under Article 67, Sections 1 and 2. P. G. L. A demurrer to the declaration was filed. The ground of the demurrer was that the mother (the fa-

ther being alive) is not a proper party to the cause, because she has no interest in the earnings of the child, and that the father only is entitled to sue. The demurrer must be overruled.

In the case of State, use of Coughlan, vs. B. & O. R. R. Co., 24 Md. 84, relied on in support of the demurrer, the jury were charged (p. 95), "that in assessing damages they are not to take into consideration the mental pain and suffering of the child's cestue que trust in consequence of the death of the child, and are not to give against the defendant punitive, vindictive or exemplary damages, but in estimating the damages, they are confined to the pecuniary damage sustained by the plaintiff and are to give her such a sum as the jury may believe from all the evidence will be an adequate compensation for the loss of the son's services from the time of his death to the period when, if he had lived, he would have attained the age of twenty-one years." In this case, the Court of Appeals in affirming the lower court, said:

"To submit to a jury the value of a life without limit as to years would have been to leave them to speculate upon its duration without any basis of calculation. The law entitles the mother to the services of the child during its minority only, (the father being dead), beyond this the chances of survivorship, his ability or willingness to support her are matters of conjecture, too vague to enter into an estimate of damages. According to the appellant's theory the mother and son are supposed to live on together to an indefinite age; the one craving sympathy and support, the other rendering reverence, obedience and protection. Such pictures of filial piety are inestimable examples, beautiful to contemplate, but the law has no standard by which to measure their loss." In this case the mother was a widow.

In A. & M. Association vs. State, use of Carty, 71 Md. 100, the equitable plaintiff was the father of the deceased, who was an infant at the time of his death. The father had emancipated the son two years before his death. An instruction was asked that the plaintiff could not recover because he had emancipated his son. This instruction was refused. In commenting on Coughlan vs. B. & O. R. R., (supra), the Court of Appeals said: "It has been suggested

that by alluding to the fact that the mother was by law entitled to the services of her child during minority only, the court intended to say, that all actions under the statute must be founded on legal liability only. But we do not so understand the court's judgment. What the court was enforcing and deciding was that juries ought not to be allowed in such cases to assess damages upon vague conjecture or speculation. The legal right of the mother to the services of her son is referred to as furnishing a safe basis from which the jury may reasonably infer that she suffered a pecuniary loss by his death and as affording her a reasonable expectation of pecuniary benefit from the continuance of his life during minority."

In B. & O. R. R. vs. Horner, 60 Md. 467, the suit was brought by children to recover damages for the death of their father. Two of the equitable plaintiffs were adult daughters, and the court was asked to instruct the jury that they could not recover. It was, however, held that "legal liability alone is not the test of injury in respect of which damages may be recovered under the statute; but that the reasonable expectation of pecuniary advantage by the relative remaining alive may be taken into account by the jury, and damages given in respect to that expectation, if it be disappointed and the probable pecuniary loss thereby occasioned." The instruction was held to have been properly refused.

In B. & O. R. R. vs. Mahon, 62 Md. 137, the equitable plaintiffs were two sons and a daughter, who sued for the death of their mother. She made her permanent home with the daughter, (who was a married woman), and attended to the housework and looked after the children, while the daughter was away at work. The sons were both married, and the mother, although she made her home with her daughter, was in the habit of assisting in nursing the sick members of her two sons' families. It was held not to be necessary to prove that the person described in the statute had a claim on the deceased for support and services, which amounted to a legal right, but that proof of a reasonable expectation of pecuniary benefit or advantage from a continuance of the life of the person killed was sufficient to support the action. It was

there held that the daughter had a right to recover, but an instruction that the sons, having shown no pecuniary loss, could not recover, was approved.

It is apparent the mother may sustain a pecuniary loss in many ways from the death of a son or daughter entirely independent of earnings. This is a matter of proof. Notwithstanding the father may also be alive, she is entitled to be joined as a party plaintiff.